UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | Bankruptcy No. 24-13344 | |
| JEROLD D. ISAACSON ) | | |
| ) | Chapter: 7 | |
| Debtor. ) | | |
| ) | Hon. Michael B. Slade | |
| ) | | |
| GAUGHAN BAKING, LLC, ) | | |
| Plaintiff, ) | | |
| v. ) | Adversary No. _____ | |
| ) | | |
| JEROLD D. ISAACSON, ) | Jury Demanded | |
| Defendant ) | | |

## ADVERSARY COMPLAINT

Plaintiff, Gaughan Baking, LLC ("Gaughan"), by and through its attorneys, James E. Dahl and Christopher J. Miller, bring this Adversary Complaint against Debtor, Jerold D. Isaacson ("Isaacson"), seeking a determination as to the non-dischargeability of the debt owed by Isaacson to Gaughan. In support of this Adversary Complaint, Gaughan states as follows:

Pursuant to Federal Rule of Bankruptcy Procedure 9015 and Federal Rule of Civil Procedure 38(b), Gaughan demands a jury trial on all issues so triable.

**Parties**

1.  Plaintiff, Gaughan, is a manager-managed Illinois limited liability company. Gaughan is managed by Dave Gaughan.

2.  Debtor, Isaacson, is an individual who resides in Cook County, Illinois and who filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 10, 2024. At all times relevant hereto, Isaacson was the manager of Lacertus Branding, LLC ("Lacertus"). At all times relevant hereto, Lacertus was a manager-managed Illinois limited liability company.

1

**Jurisdiction And Venue**

3. This is an adversary proceeding in which Gaughan is seeking a determination as to the non-dischargeability of the debt owed by Isaacson to Gaughan.

4. This matter is brought as an adversarial proceeding, pursuant to Fed. R. Bankr. P. 7001(6) and 11 U.S.C. §523(a)(2)(A) and (A)(4), in relation to the Chapter 7 bankruptcy filing of Debtor, Isaacson, entitled *In Re: Jerold D. Isaacson, Debtor*, Bk. No. 24-13344, currently pending in the Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and §1334.

6. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) because it seeks determinations as to the dischargeability of particular debtors.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1409(a), 1408(1), and §1391(b)(1).

**BACKGROUND**

8. Isaacson was the manager of a limited liability company known as Lacertus Branding, LLC ("Lacertus"). Lacertus was engaged in the business of selling Mrs. Fields' refrigerated cookie dough. Lacertus had a license to manufacture and sell Mrs. Fields' refrigerated cookie dough.

9. In March 2017, Isaacson solicited Gaughan to purchase a membership interest in Lacertus. Gaughan invested $500,000 in order to become a 21% member in Lacertus.

10. In 2018, Gaughan loaned Lacertus a total of $625,000; $500,000 was loaned by Gaughan in February 2018; $125,000 was loaned to Lacertus in September 2018.

11.     Unbeknownst to Gaughan, Isaacson caused Lacertus to refrain from paying royalties which were due to Mrs. Fields under the terms of the licensing agreement between Lacertus and Mrs. Fields.  In April 2019, Mrs. Field terminated the licensing agreement with Lacertus and, thereby, put Lacertus out of business.

12.     Gaughan filed a lawsuit against Isaacson in the Circuit Court of Cook County, Illinois, County Department, Law Division, which case was entitled *Gaughan Baking, LLC v. Lacertus Branding, LLC and Jerrold Isaacson*, and designated as Case No. 19 L 011558.  Gaughan, in its Complaint against Isaacson, alleged claims for breach of fiduciary duty and fraud.

13.     Isaacson answered the Complaint and thereafter participated in some written discovery.  On January 21, 2022, Isaacson's then-attorneys were allowed to withdraw.  Thereafter, Isaacson failed to comply with the court's orders to file a supplemental appearance and otherwise failed to participate in the proceeding.  A default judgment was then entered against Isaacson on September 1, 2022.  The court entered a judgment for compensatory damages in the amount of $585,416.53 (*i.e.*, the original $500,000 investment and prejudgment interest at 5% per annum) plus a judgment for compensatory damages in the amount of $764,852.99 (*i.e.*, the $625,000 loan plus prejudgment interest) plus an award of punitive damages in the amount of $375,000.  The total judgment was for $1,725,267.52 ("Judgment").  The Judgment and Isaacson's liability to Gaughan represent a "Claim" within the meaning of 11 U.S.C. § 101(5)(A) and a "Debt" under 11 U.S.C. § 101(12).

## COUNT I

### DEBT NOT DISCHARGEABLE BECAUSE OF FRAUD AND DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, AND LARCENY PURSUANT TO 11 U.S.C. § 523(a)(4)

Plaintiff, Gaughan Baking, LLC, states by way of an Adversary Complaint against Isaacson pursuant to 11 U.S.C. § 523(a)(4) as follows:

1-13.    Gaughan incorporates by reference paragraphs 1 through 13, which identify the parties, recite this Court's jurisdiction and venue, and provide the background for the relevant transactions, as paragraphs 1 through 13 of this Count I.

14.    At all times relevant to this action (*i.e.*, from March 2017 when Gaughan became a member of Lacertus through April 2019 when Lacertus went out of business), Isaacson owed Gaughan a fiduciary duty to act in Gaughan's best interest by reason of the fact that Gaughan was a member of Lacertus.

15.    Isaacson breached the fiduciary duty which he owed to Gaughan intentionally, willfully and maliciously.  Isaacson, during the relevant period, looted Lacertus for his own personal benefit as follows:

    (a)    Isaacson caused Lacertus to make payments to his family members who did not provide any goods or services to Lacertus.

    (b)    Isaacson caused Lacertus to purchase or rent no less than four vehicles for the use of Isaacson's family members who were not employees of Lacertus.

    (c)    Isaacson caused Lacertus to pay the college tuition for two of his children.

    (d)    Isaacson caused Lacertus to pay for the lodging expenses at college for his two college students.

4

16. Isaacson intentionally, willfully and maliciously defrauded Gaughan in connection with the loans which were made during 2018. Isaacson, beginning in January 2018 and continuing through September 2018, made various and material misrepresentations to Dave Gaughan, Gaughan's manager, including the following:

    (a)    That Lacertus' business was "on track;"

    (b)    That Lacertus' business was "performing in accordance with projections;"

    (c)    That Lacertus was in "good financial shape;" and

    (d)    That if Gaughan was prepared to loan Lacertus additional funds, then those funds would be used solely for the purpose of operating and expanding Lacertus' business.

17. Isaacson, at the time that he made these representations to Gaughan, through its manager, Dave Gaughan, intended that Gaughan should rely upon the accuracy and truthfulness of these statements.

18. At the time that Isaacson made these statements to Gaughan through its manager, Dave Gaughan, Isaacson knew that each of these statements was false; Isaacson knew at the time he made the statements:

    (a)    That Lacertus' business was not "on track;" in fact, Lacertus did not even have a budget with which to track its performance;

    (b)    That Lacertus' business was not "performing in accordance with projections;" in fact, Lacertus did not even have projections;

    (c)    That Lacertus was not in good financial shape; in fact, Lacertus had not paid Mrs. Fields the royalties to which it was entitled, thereby jeopardizing the entire business of Lacertus; and

      (d)      That Isaacson had no intention to use the proceeds from the loans from Gaughan for the purpose of operating and expanding Lacertus' business; in fact, Isaacson knew at the time that he made the representation that Isaacson was going to use the $500,000 funds loaned by Gaughan to Lacertus to buy-out another member's interest and not for the purpose of improving operations; indeed, the day after Gaughan loaned Lacertus the $500,000 in February 2018, Isaacson caused $500,000 to be paid to another Lacertus member to buy-out that member's interest.

      19.      Gaughan reasonably relied on the truth and accuracy of the misrepresentations made by Isaacson.

      20.      Gaughan, in reasonable reliance upon the truthfulness and accuracy of Isaacson's representations, loaned money to Lacertus on two occasions: first, in February 2018, Gaughan loaned Lacertus $500,000; then in September 2018, Gaughan loaned an additional $125,000 to Lacertus.

      21.      As a direct and proximate result of Gaughan's reasonable reliance on Isaacson's misrepresentations, Gaughan has been damaged to the extent of the full amount of the loans, $625,000.

      22.      As a direct and proximate result of Isaacson's misconduct, Gaughan has been damaged to the extent of the debt due from Isaacson in the amount of $1,725,269.52.

      WHEREFORE, Plaintiff, Gaughan Baking, LLC, respectfully requests this Court to determine and declare that the debt owed by Jerold Isaacson to Gaughan in the amount of $1,725,269.52 is not dischargeable.

# COUNT II

### DEBT NOT DISCHARGEABLE BECAUSE GAUGHAN'S CLAIM IS FOR MONEY OBTAINED BY FALSE PRETENSES, FALSE REPRESENTATIONS, AND/OR ACTUAL FRAUD PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

Plaintiff, Gaughan Baking, LLC, states by way of an Adversary Complaint against Isaacson pursuant to 11 U.S.C. § 523(a)(2)(A) for a declaration that a substantial portion of the debt owed to Gaughan by Isaacson was obtained by false pretenses, false representations, and/or actual fraud. In support of this, Gaughan states as follows:

1-13. Gaughan incorporates by reference paragraphs 1 through 13, which identify the parties, recite this Court's jurisdiction and venue, and provide the background for the relevant transactions, as paragraphs 1 through 13 of this Count II.

14-19. Gaughan incorporates by reference paragraphs 16, 17, 18 19, 20, and 21 the allegations of fraud on the part of Isaacson in relation to the loans which Isaacson procured for Lacertus in 2018, as paragraphs 14 through 19 of this Count II.

20. Isaacson's misrepresentations in connection with his efforts to procure loans from Gaughan in 2018 constitute obtaining money based upon false pretenses, false representations and/or actual fraud.

WHEREFORE, Plaintiff, Gaughan Baking, LLC, respectfully requests this Court to determine and declare that $1,139,852.99 of the debt due to Gaughan from Isaacson is not

dischargeable (*i.e.*, $764,852.99 which represents the amount of the 2018 loans plus prejudgment interest reflected in the Judgment plus $375,000 in punitive damages reflected in the Judgment).

                                                        Respectfully submitted,

| | |
|---|---|
| JAMES E. DAHL (0568724)<br>CHRISTOPHER J. MILLER (6302536)<br>DAHL & BONADIES, LLC<br>630 Dundee Road, Suite 425<br>Northbrook, IL 60062<br>(312) 641-3245<br>jdahl@dahlfirm.com / cmiller@dahlfirm.com | GAUGHAN BAKING, LLC<br><br>By: */s/ Christopher J. Miller*<br>      One of Its Attorneys |